UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


| | |
|---|---|
| PAMELA R. O'DWYER and, ) | |
| PADRAIG O'DWYER ) | |
| ) | |
| Plaintiffs, ) | No.1:05-CV-244 |
| ) | |
| v. ) | Judge Mattice |
| ) | Magistrate Judge Lee |
| J. HOYLE RYMER, personal representative ) | |
| of Charles Oates Rymer, deceased, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

Before the Court is Plaintiffs' Motion to Remand this action to the Circuit Court of Hamilton County, Tennessee. [Court Doc. No. 4]. In their Motion, Plaintiffs suggest that because there is not complete diversity of citizenship between the parties, as defined in 28 U.S.C. §1332, this Court lacks subject matter jurisdiction over this matter and it therefore must be remanded to state court. For the reasons stated below, Plaintiffs' Motion to Remand will be **GRANTED**.

**I.    FACTS AND PROCEDURAL HISTORY**

The facts of this case and its procedural history may be summarized as follows. On August 2, 2004, Plaintiff Padraig O'Dwyer and Decedent Charles Oates Rymer were involved in a tragic single vehicle traffic accident which resulted in the death of Charles Oates Rymer and personal injuries to Padraig O'Dwyer.

On September 24, 2004, Defendant J. Hoyle Rymer filed a Petition for Testate Administration in the Chancery Court of Hamilton County, Tennessee, seeking to be appointed as the personal representative for the Estate of Charles Oates Rymer [Court Doc. No. 5, Ex. A]. In his Petition, Mr. Rymer stated that Charles Oates Rymer's residence at the time of his death was 510 East Fifth Street, Chattanooga, Tennessee, 37403. *Id.* On October 4, 2004, the Chancery Court entered an Order of Probate which stated, in part, that "Deceased died on August 2, 2004, and the usual place of residence at the time of death was in Hamilton County, Tennessee ...." [Court Doc. No. 5, Ex. B].

On July 29, 2005, the Plaintiffs filed a complaint against the Defendant in the Circuit Court of Hamilton County, Tennessee. [Court Doc. No. 1-2, Ex. A]. In their Complaint, the Plaintiffs alleged that Charles Oates Rymer was a resident citizen of Chattanooga, Hamilton County, Tennessee at the time of his death. *Id.* On September 17, 2005, the Defendant filed a Notice of Removal, removing the lawsuit from the Circuit Court of Hamilton County, Tennessee to this Court. In that notice, the Defendant alleged that Charles Oates Rymer, "at the time of his death, was a citizen resident of the State of California." [Court Doc. No. 1-1, p. 2].

It is undisputed that the Plaintiffs Pamela R. O'Dwyer and Padraig O'Dwyer are citizens of Tennessee. The only issue in dispute in the instant motion is the state of citizenship of Decedent Charles Oates Rymer at the time of his death.

The parties have filed various affidavits and copies of legal documents as exhibits to their competing briefs. Without reciting each contention of the parties, those various documents reveal the following.

The Decedent Charles Oates Rymer was the son of Plaintiff Pamela O'Dwyer and Defendant J. Hoyle Rymer. From the time of his birth until he went to college in Washington State, the Decedent resided principally with his mother, first in Bradley County, Tennessee and later in Chattanooga, Tennessee. After the Decedent returned from college he lived in Apartment Number 6 at 510 East Fifth Street, Chattanooga, Tennessee.

In 2003, the Decedent moved to Los Angeles, California in order to gain experience as a disc jockey, which was his vocational ambition. At first the Decedent lived out of his truck, but after being ticketed and given repeated warnings that he was running afoul of the vagrancy laws, he rented an apartment at 7520 Romaine Street, Number 1, Los Angeles, California, 90046. At about the same time, the Decedent acquired a California driver's license, registered his vehicle in the State of California, opened accounts at Los Angeles banks and took certain other steps consistent with residence in Los Angeles, California. In late July, 2004, the Decedent left Los Angeles and drove his truck to Chattanooga for the purpose of attending his brother's wedding, which was held in Chattanooga on August 1, 2004. At the time he left Los Angeles for Chattanooga, the Decedent packed most of his possessions which he had in California in his truck and unloaded them into Apartment Number 6, 510 East Fifth Street, Chattanooga, Tennessee. While still in California, the Decedent had apparently enlisted in the United States Navy and was due to report for duty in Illinois in April of 2005.

## II. DISCUSSION

In 28 U.S.C. § 1332(a)(1) Congress provides that:

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> (1) citizens of different states . . . .

Pursuant to 28 U.S.C. § 1332(c)(2), Defendant J. Hoyle Rymer, as the personal representative of the estate of Charles Oates Rymer, is deemed to be a citizen of the state of citizenship of the decedent. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001).

Courts in this circuit and elsewhere have long held that state citizenship of a natural person for purposes of the diversity requirement is equated with domicile. *See, e.g., Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 544 (6th Cir. 1994); *Von Dunser v. Aronoff*, 915 F.2d 1071 (6th Cir. 1990). When a party's domicile is in contention, courts look to all of the circumstances of the case. Charles Alan Wright et al., *Federal Practice & Procedure* § 3612 at 529 (2d ed. 1984); *see National Enters., Inc. v. Smith*, 114 F.3d 561, 566 (6th Cir. 1997). "No single factor is conclusive." Wright et al., *supra*, § 3612 at 531. A natural person acquires a domicile by residing in a place with an intention to remain there indefinitely. *Von Dunser*, 915 F.2d at 1072; Wright et al., *supra*, § 3612 at 536. In other words, "[w]hen the two required elements of physical presence and intention to remain concur, domicile is established." *Id.* at 553; *see also Von Dunser*, 915 F.2d at 1072.

The determination of a party's domicile is a mixed question of law and fact. Wright et al., *supra*, § 3612 at 540. The Court enjoys broad discretion in determining how it will

-4-

consider the issue of domicile. *Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939) ("As there is no statutory direction for procedure upon an issue of [domicile for the purposes of] jurisdiction, the mode of its determination is left to the trial court."). Thus, "[t]he Court may decide the question on the basis of the pleadings, affidavits of the parties and available depositions." Wright et al., *supra*, § 3612 at 542.

Having reviewed the submissions and considered the competing arguments of the parties, the Court finds instructive Charles Oates Rymer's return to Chattanooga in late July of 2004. After considering the pleadings and supporting affidavits, the Court concludes that the Decedent Charles Oates Rymer was, at the time of his death, a citizen of Tennessee. Since both plaintiffs in this action, Pamela R. O'Dwyer and Padraig O'Dwyer are also citizens of Tennessee, diversity of citizenship between the parties for purposes of 28 U.S.C. § 1332 does not exist. *See Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Accordingly, this Court does not have subject matter jurisdiction over this action.

### III.   CONCLUSION

For the reasons stated above, and pursuant to 28 U.S.C. § 1447(c), Plaintiffs' Motion to Remand [Court Doc. No. 4] will be **GRANTED**. Plaintiffs' request for payment of costs and attorney's fees will be **DENIED**.

A separate **ORDER** will enter, and the clerk is directed to mail a certified copy of such **ORDER** to the Circuit Court Clerk of Hamilton County, Tennessee.

      *s/ Harry S. Mattice, Jr.*
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE

-6-

Case 1:05-cv-00244   Document 41   Filed 03/06/06   Page 6 of 6   PageID #: 6